**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__   District of __Texas__
                            (State)

Case number (*If known*): _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Warren Resources, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Doing business in California as Maryland Resources, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 1 1 – 3 0 2 4 0 8 0 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 11    Greenway Plaza, Suite 3050<br>Number   Street | _____<br>Number   Street |
| | P.O. Box |
| Houston   TX   77046<br>City   State   ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris<br>County | 322   4th St.<br>Number   Street |
| | Rawlins   WY   82301<br>City   State   ZIP Code |

5. **Debtor's website** (URL)   http://www.warrenresources.com/

6. **Type of debtor**
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor  Warren Resources, Inc.
       _____
       Name

Case number *(if known)*_____

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>2  1  1  1 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11. *Check all that apply*:<br>　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ A plan is being filed with this petition.<br>　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>　■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ■ No<br>☐ Yes. District _____ When _____ Case number _____<br>　　　　　　　　　　　　　　　MM / DD / YYYY<br>　　　　　District _____ When _____ Case number _____<br>　　　　　　　　　　　　　　　MM / DD / YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>■ Yes.  Debtor  See Rider 1                          Relationship  Affiliate<br>　　　　District  Southern District of Texas          When  06/02/2016<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY<br>　　　　Case number, if known  _____ |

| Debtor | Warren Resources, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No   (See Rider 2)
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (Check all that apply.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    Where is the property? _____
    Number   Street
    _____
    _____
    City                                    State   ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
                Contact name _____
                Phone _____

---

**Statistical and administrative information**

13. **Debtor's estimation of available funds**

    Check one:
    ☒ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    ☐ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999
    ☐ 1,000-5,000
    ☐ 5,001-10,000
    ☒ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

15. **Estimated assets**

    ☐ $0-$50,000
    ☐ $50,001-$100,000
    ☐ $100,001-$500,000
    ☐ $500,001-$1 million
    ☐ $1,000,001-$10 million
    ☐ $10,000,001-$50 million
    ☐ $50,000,001-$100 million
    ☒ $100,000,001-$500 million
    ☐ $500,000,001-$1 billion
    ☐ $1,000,000,001-$10 billion
    ☐ $10,000,000,001-$50 billion
    ☐ More than $50 billion

| Debtor | Warren Resources, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ■ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▣ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ▣ I have been authorized to file this petition on behalf of the debtor.
- ▣ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/02/2016
MM / DD / YYYY

X _____    James A. Watt
Signature of authorized representative of debtor    Printed name

Title  President, Chief Executive Officer and Chief Restructuring Officer

**18. Signature of attorney**

X _____    Date  06/02/2016
Signature of attorney for debtor                MM / DD / YYYY

Timothy A. ("Tad") Davidson II
Printed name

Andrews Kurth LLP
Firm name

600         Travis, Suite 4200
Number      Street

Houston                           TX        77002
City                              State     ZIP Code

713-220-4200                      taddavidson@andrewskurth.com
Contact phone                     Email address

24012503                          Texas
Bar number                        State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Warren Resources, Inc.

- Warren Resources, Inc.
- Warren E&P, Inc.
- Warren Resources of California, Inc.
- Warren Marcellus LLC
- Warren Energy Services, LLC
- Warren Management Corp.

**Rider 2**

**Response to Question 12 of Official Form 201**

Question 12, among other things, asks the debtor to identify any property that posts or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The debtors, Warren Resources, Inc.; Warren E&P, Inc.; Warren Resources of California, Inc.; Warren Marcellus LLC; Warren Energy Services, LLC; and Warren Management Corp. (collectively, the "Debtors"), engage in the exploration, development, and production of domestic onshore crude oil and natural gas reserves. The Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety; however, the Debtors note that they are not aware of any definition of "imminent and identifiable harm" as used in this question.

Official Form 201A (12/15)

In the United States Bankruptcy Court
for the Southern District of Texas
Houston Division

In re Warren Resources, Inc., et al.,       Case No. _____
   Debtors.      Chapter 11

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 000-33275  .

2. The following financial data is the latest available information and refers to the debtor's condition on January 31, 2016, unless otherwise noted.

   a. Total assets      $ 229,673,534.00

   b. Total debts (including debts listed in 2.c., below)      $ 545,166,000.00

   c. Debt securities held by more than 500 holders [1]

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ unsecured ☐ subordinated ☐ | $ | First Lien Credit Facility $247,700,000 | | less than 500 |
| secured ☐ unsecured ☐ subordinated ☐ | $ | Second Lien Credit Facility $56,900,000 | | less than 500 |
| secured ☐ unsecured ☐ subordinated ☐ | $ | Unsecured Senior Notes $179,800,000 | | less than 500 |
| secured ☐ unsecured ☐ subordinated ☐ | $ | | | |
| secured ☐ unsecured ☐ subordinated ☐ | $ | | | |

   d. Number of shares of preferred stock (as of December 31, 2015)      10,703
   e. Number of shares common stock (as of April 30, 2016)      85,250,025

   Comments, if any: _____

3. Brief description of debtor's business: Warren Resources, Inc. is an independent energy company engaged in the exploration, development and production of domestic onshore crude oil and natural gas reserves.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
N/A

---

[1] None of the Debtors' Debt Securities are held by more than 500 holders but are listed here for informational purposes.

Official Form 201A      Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## WARREN RESOURCES, INC.

### June 1, 2016

**Chapter 11 Filings**

WHEREAS, the Board of Directors (the "Board") of Warren Resources, Inc., a Maryland corporation (the "Company"), acting on behalf of the Company in the Company's individual capacity and in the Company's capacity as the ultimate parent of the subsidiaries (the "Subsidiaries") listed herein has deemed it advisable and in the best interests of the Company and its Subsidiaries (which include (i) Warren E&P, Inc., a New Mexico corporation, (ii) Warren Resources of California, Inc., a California corporation, (iii) Warren Energy Services, LLC, a Delaware limited liability company, (iv) Warren Management Corp., a Delaware corporation, and (v) Warren Marcellus LLC, a Delaware limited liability company) and their respective creditors, equityholders, employees, and other interested parties, that the Company and each of the Subsidiaries file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, that the law firm of Andrews Kurth LLP be engaged as bankruptcy counsel for the Company and each of the Subsidiaries, under a retainer, in the chapter 11 cases of the Company and each of the Subsidiaries (collectively, the "Chapter 11 Case"), subject to any requisite bankruptcy court approval; and further

RESOLVED, that the investment bank and financial advisory firm of Jefferies LLC be engaged by the Company as transaction and restructuring advisors for the Company and each of the Subsidiaries in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the firm of Deloitte Transactions and Business Analytics LLP be, and hereby is, employed by the Company under retainer as financial and restructuring advisors to the Company and each of the Subsidiaries in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the consulting firm of Epiq Bankruptcy Solutions, LLC be engaged by the Company as claims, balloting, and notice agent for the Company and each of the Subsidiaries in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that James A. Watt, as the President, Chief Executive Officer and Chief Restructuring Officer of the Company (the "Authorized Officer"), be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company, to engage and employ, or cause the Company to engage and employ, each of the firms named above for the roles described above, as well as such other law firms, consultants or companies, as may be necessary and appropriate and subject to any requisite bankruptcy court approval, including without limitation, to act as ordinary course, special and/or conflicts counsel for the Company, under a general retainer, to assist the Company in the Chapter 11 Case and to perform other tasks related to the Chapter 11 Case; and further

RESOLVED, that the Authorized Officer, and any employees or agents (including counsel) designated by or directed by the Authorized Officer, be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company, to execute, verify, and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to perform any and all further acts and deeds that the Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case, in each case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officer be, and hereby is, authorized and empowered for and in the name and on behalf of the Company, to negotiate, execute, and deliver a cash collateral stipulation on the terms and conditions that such Authorized Officer considers necessary, proper, or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments for and in the name and on behalf of the Company, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the Authorized Officer, and any employees or agents (including counsel) designated by or directed by the Authorized Officer, be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company, to cause the Company to: enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certifications, or other documents; institute adversary proceedings; and take such other actions, as in the judgment of such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's businesses, subject to any governmental, regulatory, or bankruptcy court approval; and further

RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company and the interests of the Company's creditors, equityholders, employees, and other interested parties, that the Authorized Officer files a petition for and in the name and on behalf of the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

**Replacement of Directors and Managers**

WHEREAS, the Board, acting on behalf of the Company in its capacity as the sole shareholder, sole stockholder or sole member, as applicable, of each of the Subsidiaries deems it advisable and in the best interests of the Subsidiaries that the Authorized Officer be authorized and empowered to remove any currently serving director or manager, as applicable, of the Subsidiaries;

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company in its capacity as sole shareholder, sole stockholder or sole member, as applicable, of each of the Subsidiaries, to remove each current director or manager of each of the Subsidiaries and appoint James A. Watt as director or manager, as applicable, of each of the Subsidiaries on behalf of the Company.

**RSA**

WHEREAS, the Board has reviewed and discussed presentations made by the Company's financial advisors and counsel regarding strategic alternatives, has been advised by its separate counsel, and has considered recommendations by the financial advisors, counsel and management of the Company with respect to (i) the Restructuring Support Agreement (the "RSA"), by and among the Company, the Subsidiaries, GSO Capital Partners LP on behalf of itself and on behalf of certain funds and accounts that it manages, advises, or sub-advises named as signatories thereto (the "Plan Sponsor"), and the holders of the Senior Notes Claims (as defined therein) that are named as signatories thereto (the "Consenting Senior Noteholders"), (ii) the debtor-in-possession credit agreement (the "DIP Credit Agreement") contemplated pursuant to the RSA, by and among the Company, as borrower, certain Subsidiaries, as guarantors, GSO Capital Partners LP, as administrative agent ("Agent"), and the lenders to be named therein (the "DIP Lenders"), (iii) the proposed interim order authorizing the Company and the Subsidiaries to continue to use cash collateral attached as an exhibit to and forming part of the RSA (the "Interim Financing Order") and (iv) the term sheet for the Company's and the Subsidiaries' Joint Chapter 11 Plan of Reorganization attached as an exhibit to and forming part of the RSA (the "Plan Term Sheet"), in each case of the RSA, the DIP Credit Agreement, the Interim Financing Order and the Plan Term Sheet, in the forms presented to the Board; and

WHEREAS, the Board, after review and discussion and due consideration of all of the information presented to it, deems it advisable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, equityholders, employees, and other interested parties (as applicable) for the Company to enter into the RSA and to consummate the transactions contemplated therein, subject to any requisite governmental, regulatory, or bankruptcy court approval (collectively, the "Restructuring Transactions");

NOW, THEREFORE, BE IT RESOLVED, that the Board has reviewed the proposed terms and conditions of the RSA and deems it advisable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, equityholders, employees, and other interested parties (as applicable) to authorize and approve the Company's negotiation, execution, and delivery of the RSA, and the performance of the Company's obligations under the RSA on substantially the terms presented to the Board, and all other agreements, instruments, and documents to be executed and delivered in connection with the Restructuring Transactions, subject to any requisite governmental, regulatory, or bankruptcy court approval; and further

RESOLVED, that, in furtherance of the foregoing resolution, the Authorized Officer be, and hereby is, authorized and empowered, for and on behalf of the Company, to conduct and conclude negotiations with the Plan Sponsor and the Consenting Senior Noteholders and to cause the Company to enter into the RSA, and to effect and consummate the transactions contemplated by the RSA and to take other actions as may be necessary or appropriate in connection therewith, subject to any requisite governmental, regulatory, or bankruptcy court approval.

**DIP Credit Documents**

WHEREAS, the Company proposes to enter into the DIP Credit Agreement, which shall provide for a senior secured super-priority term loan facility that would permit the Company to fund, among other things, (i) general working capital and operating costs and expenses of the Company and the Subsidiaries (including, without limitation, the costs of administering the Chapter 11 Cases of the Company and the Subsidiaries), (ii) fees of professional advisors to the Company and the Subsidiaries, and (iii) all fees charged by the Agent and the DIP Lenders in connection with the DIP Credit Agreement, subject to all the conditions set forth in the DIP Credit Agreement, and subject to approval by the bankruptcy court; and

WHEREAS, the Board, after review and discussion and due consideration of all of the information presented to it, deems it advisable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, equityholders, employees, and other interested parties (as applicable) for the Company to enter into the DIP Credit Agreement and certain other agreements, documents, guaranties, promissory notes, certificates, control agreements, security agreements, pledge agreements, instruments of pledge, assignments, assignments of earnings, assignments of insurance, financing statements, designations, transfers, endorsements, and related instruments and documents, in each case as required under or referenced within the DIP Credit Agreement (together with the DIP Credit Agreement, the "DIP Credit Documents"), and to consummate the transactions contemplated in the DIP Credit Documents, subject to any requisite bankruptcy court approval;

NOW, THEREFORE, BE IT RESOLVED, that the Board has reviewed the proposed terms and conditions of the DIP Credit Agreement and deems it advisable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, equityholders, employees, and other interested parties (as applicable) to authorize and approve the Company's negotiation, execution, and delivery of the DIP Credit Agreement, and the performance of the Company's obligations under the DIP Credit Agreement on substantially the terms presented to the Board, and all other DIP Credit Documents or other agreements, instruments, and documents to be executed and delivered in connection with the DIP Credit Agreement, subject to any requisite bankruptcy court approval; and further

RESOLVED, that, in furtherance of the foregoing resolution, the Authorized Officer be, and hereby is, authorized and empowered, for and on behalf of the Company, to conduct and conclude negotiations with the Agent and the DIP Lenders and to cause the Company to enter into the DIP Credit Agreement and all other DIP Credit Documents with such additions, deletions, and changes thereto as shall be approved by the Authorized Officer, with the Authorized Officer's execution and delivery of the DIP Credit Agreement and all other DIP Credit Documents on behalf of the Company to be conclusive evidence of such approval and the approval thereof by the Board, and to effect and consummate the transactions contemplated by the DIP Credit Agreement and all other DIP Credit Documents and to take other actions as may be necessary or appropriate in connection therewith (including, but not limited to, the pledging of any collateral under the DIP Credit Documents), subject to any requisite bankruptcy court approval; and further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company and without the joinder of any other person or entity, to pledge, grant a security interest in and lien upon and assign, endorse, negotiate, deliver, or otherwise hypothecate or transfer to Agent, any and all collateral now or hereafter held, owned, or controlled by the Company and any Subsidiary, and to perfect such security interests, in each case pursuant to the terms and conditions of the DIP Credit Agreement and other DIP Credit Documents, subject to any requisite bankruptcy court approval.

**Miscellaneous**

RESOLVED, that all actions of the Authorized Officer and other officers and representatives of the Company heretofore taken in connection with the RSA, the DIP Credit Documents, the Interim Financing Order or the Plan Term Sheet are in all respects authorized, adopted, approved, ratified and confirmed, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company, to take or cause to be taken any and all such actions and to enter into, execute and deliver any and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and other documents, or to effect any filings with any and all appropriate regulatory authorities, as may be required or as any of such officers may deem necessary, appropriate, or advisable to carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; all such actions to be performed in such manner and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and documents to be executed and delivered in such form as the officer performing or executing the same shall approve, such officer's performance or execution and delivery thereof to be conclusive evidence of such approval and the approval of the Board, subject to any requisite bankruptcy court approval.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Warren Resources, Inc. | |
| United States Bankruptcy Court for the:   Southern District of Texas | ☐ Check if this is an amended filing |
| Case Number (If known): | |

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION ATTN: CORPORATE TRUST SERVICES 5555 SAN FELIPE, STE. 1150 HOUSTON, TX  77056 | FAX: (713) 235-9213 | 9.00% Senior Notes Due 2022 | U | | | $179,000,000.00 |
| 2 | CORTLAND CAPITAL MARKET SVCS, LLC ATTN: RYAN MORICK & LEGAL DEPT. 225 WEST WASHINGTON ST., 21ST FL. CHICAGO, IL  60606 | PHONE: (312) 564 - 5100 FAX: (312) 376-0751 ryan.morick@cortlandglobal.com | Second Lien Term Loan | U | | | $53,800,000.00 |
| 3 | OIL WELL SERVICE CO. 10840 NORWALK BLVD. SANTE FE SPRINGS, CA  90670 | FAX: (562) 325-8919 | Trade | | | | $30,400.00 |
| 4 | LITTLE SNAKE RIVER CONSERVATION DISTRICT 285 NORTH PENLAND, BOX 355 BAGGS, WY  82321 | FAX: (307) 383-7861 lsrcd@yahoo.com | Trade | | | | $30,000.00 |
| 5 | ALAMEDA CORRIDOR TRANS AUTH. 3760 KILROY AIRPORT WAY, STE. 200 LONG BEACH, CA  90806 | FAX: (562) 247-7090 | Trade | | | | $23,819.00 |
| 6 | MOUNTAIN STATES PRESSURE SERVICE INC P.O. BOX 1930 ROCK SPRINGS, WY  82902 | FAX: (307) 362-2824 | Trade | | | | $23,175.00 |
| 7 | STONE WELL SERVICE LLC P.O. BOX 1506 SAGINAW, MI  48605 | FAX: (989) 771-8870 | Trade | | | | $17,544.00 |
| 8 | X-CHEM LLC P.O. BOX 971433 DALLAS, TX  75397-1433 | FAX: (972) 721-6700 | Trade | | | | $16,330.00 |

Debtor: Warren Resources, Inc.  Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | EUREKA RESOURCES, LLC<br>454 PINE STREET<br>WILLIAMSPORT, PA  17701 | FAX: (570) 323-2055 | Trade | | | | $15,338.00 |
| 10 | CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION<br>1112 I STREET, SUITE 350<br>SACRAMENTO, CA  95814-2823 | FAX: (916) 447-1144 | Trade | | | | $15,000.00 |
| 11 | BAKER HUGHES<br>P.O. BOX 301057<br>DALLAS, TX  75303-1057 | FAX: (713) 439-8472 | Trade | | | | $12,903.00 |
| 12 | PATRIOT ENVIRONMENTAL SERVICES<br>P.O. BOX 1091<br>LONG BEACH, CA  90801 | FAX: (562) 536-2688 | Trade | | | | $12,602.00 |
| 13 | SUSQUEHANNA GAS FIELD SERVICES<br>P.O. BOX 127<br>MESHOPPEN, PA  18630 | FAX: (570) 833-2180<br>billr@sgfsllc.com | Trade | | | | $11,310.00 |
| 14 | MECHANICAL SEAL REPAIR<br>P.O. BOX 2088<br>SEAL BEACH, CA  90740 | | Trade | | | | $9,990.00 |
| 15 | PCI POWER CONTROL INTEGRATED<br>P.O. BOX 3625<br>TUSTIN, CA  92781 | FAX: (403) 233-8346<br>t_m@tmlgroup.com;<br>pci@tmlgroup.com | Trade | | | | $9,288.00 |
| 16 | AVANTI ENVIRONMENTAL INC<br>2855 MICHELLE DRIVE<br>SUITE 230<br>IRVINE, CA  92606 | FAX: (714) 730-3315 | Trade | | | | $8,462.00 |
| 17 | ERICK FLOWBACK SERVICES LLC<br>P.O. BOX 86<br>KINGFISHER, CO  73750 | FAX: (405) 375-5215 | Trade | | | | $7,400.00 |
| 18 | BARNETT CONSULTING INC<br>1908 PROBY RD S E<br>MCCALL CREEK, MS  39647 | dale@barnettconsultinginc.com | Trade | | | | $6,575.00 |
| 19 | ALERDICE INC.<br>524 SR. 4015<br>MESHOPPEN, PA  18630 | dale@msrseals.com | Trade | | | | $5,897.00 |
| 20 | YUKON CORPORATION<br>1275 ALAMEDA STREET<br>P.O. BOX 175<br>WILMINGTON, CA  90744 | FAX: (310) 834-3081 | Trade | | | | $5,772.00 |
| 21 | WORLEYPARSONS GROUP INC.<br>LOCKBOX DEPT - #915113<br>P.O. BOX 915113<br>DALLAS, TX  75373-5113 | FAX: (972) 893-4392 | Trade | | | | $5,490.00 |

Debtor: Warren Resources, Inc.                                                              Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | LOVCO CONSTRUCTION, INC. 1300 BURNETT STREET SIGNAL HILL, CA  90755 | FAX: (562) 988-0094 mike@lovco.com | Trade | | | | $4,438.00 |
| 23 | DAVIS CONSTRUCTION P.O. BOX 369 BAGGS, WY  82321 | FAX: (301) 468-3918 info@davisconstruction.com | Trade | | | | $4,316.00 |
| 24 | SOUTHERN CALIFORNIA GAS CO. SUNDRY BILLING MI 711D, P.O. BOX 2007 MONTEREY PARK, CA  91754-0957 | FAX: (909) 305-8261 | Trade | | | | $3,881.00 |
| 25 | SOLID CONSTRUCTION & REPAIR 4421 NEWTON ST. TORRANCE, CA  90505 | | Trade | | | | $3,800.00 |
| 26 | DELL MARKETING L.P. C/O DELL USA L.P. P.O. BOX 643561 PITTSBURGH, PA  15264-3561 | FAX: (512) 283-9092 | Trade | | | | $3,709.00 |
| 27 | STAN-DUR STEEL PRODUCTS CO. 1568 W. 218TH STREET TORRANCE, CA  90501 | | Trade | | | | $3,525.00 |
| 28 | PETRO TECH RESOURCES CO. 4520 CALIFORNIA AVE., STE. 310 BAKERSFIELD, CA  93309 | info@PetrotechResources.com | Trade | | | | $3,251.00 |
| 29 | VERIZON BUSINESS P.O. BOX 371355 PITTSBURGH, PA  15250-7355 | | Trade | | | | $2,837.00 |
| 30 | BAKERSFIELD PIPE & SUPPLY P.O. BOX 60006 LOS ANGELES, CA  90060-0006 | FAX: (661) 589-3739 | Trade | | | | $2,541.00 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims        Page 3

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name  Warren Resources, Inc. |
| United States Bankruptcy Court for the: Southern  District of Texas (State) |
| Case number (If known): _____ |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases:* Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/02/2016          X _____/s/ J. Watt_____
              MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                 James A. Watt
                                 Printed name

                                 President, Chief Executive Officer and Chief Restructuring Officer
                                 Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| WARREN RESOURCES, INC., | § § | Case No. 16-_____ |
| Debtor. | § § § | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| NONE | N/A |

Fill in this information to identify the case and this filing:

Debtor Name __Warren Resources, Inc.__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/02/2016__
MM / DD / YYYY

X _/s/ James A. Watt_
Signature of individual signing on behalf of debtor

__James A. Watt__
Printed name

__President, Chief Executive Officer__ and Chief Restructuring Officer
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors