# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| WARREN RESOURCES, INC., | § § § | Case No. 16-32760 (MI) |
| Debtor. | § § | |
| Tax I.D. No. 11-3024080 | § § | |
| In re: | § § § | Chapter 11 |
| WARREN E&P, INC., | § § § | Case No. 16-32761 |
| Debtor. | § § | |
| Tax I.D. No. 85-0224052 | § § | |
| In re: | § § § | Chapter 11 |
| WARREN RESOURCES OF CALIFORNIA, INC., | § § § § | Case No. 16-32762 |
| Debtor. | § § § | |
| Tax I.D. No. 33-0980072 | § § | |
| In re: | § § § | Chapter 11 |
| WARREN MARCELLUS, LLC, | § § § | Case No. 16-32764 |
| Debtor. | § § | |
| Tax I.D. No. 47-1370150 | § | |

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| WARREN ENERGY SERVICES, LLC, | § § § | Case No. 16-32765 |
| Debtor. | § § | |
| Tax I.D. No. 34-2044748 | § § | |
| In re: | § § § | Chapter 11 |
| WARREN MANAGEMENT CORP., | § § § | Case No. 16-32766 |
| Debtor. | § § § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

---

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
>
> **THERE WILL BE A HEARING ON THIS MOTION ON JUNE 3, 2016 AT 1:30 P.M. CENTRAL IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

Warren Resources, Inc., *et al*., debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), file this emergency motion (the "Motion") for entry of an order consolidating for procedural purposes only, and providing for joint administration of, the Debtors' related chapter 11 cases, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 105(a) and 342(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4. On June 2, 2016 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

5. In support of this Motion, the Debtors rely on the *Declaration of James A. Watt, President, Chief Executive Officer and Chief Restructuring Officer of Warren Resources, Inc., et al., in Support of Chapter 11 Petitions and First Day Motions*, sworn to on June 2, 2016 (the "First Day Declaration").[1]  A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into

---

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate such description as if fully set forth herein.

6. The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), in connection with these chapter 11 cases: http://dm.epiq11.com/WRE.

7. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, the United States Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

## RELIEF REQUESTED

8. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing procedural consolidation and joint administration of their related chapter 11 cases. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Warren Resources, Inc. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WARREN RESOURCES, INC., *et al.*,[1] | § | Case No. 16-32760 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Warren Resources, Inc. (4080); (ii) Warren E&P, Inc. (4052); (iii) Warren Resources of California, Inc. (0072); (iv) Warren Marcellus, LLC (0150); (v) Warren Energy Services, LLC (4748); and (vi) Warren Management Corp. The Debtors' service address is: 11 Greenway Plaza, Suite 3050, Houston, Texas 77046.

9. The Debtors also request that a docket entry, substantially in the form of the following, be entered on each of the Debtors' individual dockets to reflect the joint administration of these chapter 11 cases and put creditors and parties in interest on notice that the cases have been consolidated and that the docket for Warren should be consulted with respect to all matters:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: (i) Warren Resources, Inc., Case No. 16-32760; (ii) Warren E&P, Inc., Case No. 16-32761; (iii) Warren Resources of California, Inc., Case No. 16-32762; (iv) Warren Marcellus, LLC, Case No. 16-32764; (v) Warren Energy Services, LLC, Case No. 16-32765; and (vi) Warren Management Corp., Case No. 16-32766. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-32760.**

10. The Debtors further request that the joint administration of these cases include, but not be limited to: (i) the establishment and maintenance of one consolidated docket sheet, one file, and one consolidated service list for these chapter 11 cases; (ii) the scheduling of joint hearings on matters pending in any of the cases; (iii) the appointment of a single creditors'

committee, if such a committee is necessary; and (iv) the filing of a single disclosure statement and plan of reorganization by any plan proponent.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b).

12. Warren Resources, Inc. ("Warren") owns 100% of (a) Warren E&P, Inc.; (b) Warren Resources of California, Inc.; (c) Warren Marcellus, LLC; (d) Warren Energy Services, LLC; and (e) Warren Management Corp. A description of the assets and operations of each of the Debtors is included in the First Day Declaration.

13. Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." Because Warren holds directly or indirectly 20 percent or more of the outstanding equity interests of each of the respective Debtors, those subsidiaries are "affiliated" with Warren, as provided by section 101(2)(A) of the Bankruptcy Code.

14. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect many, if not all, of the Debtors. Accordingly, absent joint administration of these cases, duplicative pleadings would have to be filed in numerous cases for each issue, and separate hearings would have to be held in each case. Such duplication would be wasteful and would unnecessarily overburden the Clerk of the Court and the estates.

15. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases, will allow the Debtors to combine notices to creditors and other parties in interest and will allow parties to request and the Court to hold joint hearings on matters pending in any of the cases. Joint administration also will protect parties in interest by ensuring that parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

16. Section 342(c)(1) of the Bankruptcy Code provides that "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." In addition, Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, requires that notices under Bankruptcy Rule 2002 contain certain information, including any applicable employer identification number and any names used by the Debtors in the previous eight (8) years.

17. The Debtors submit that use of the simplified caption proposed herein, naming only Warren will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The names of each Debtor and their tax identification number will be set forth in the footnote to the caption. Therefore, the Debtors submit that the policies behind the requirements of Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.

18. Additionally, the Debtors maintain that the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in

which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in administration costs resulting from joint administration.

## EMERGENCY CONSIDERATION

19. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion and in the First Day Declaration, the Debtors believe an immediate and orderly transition into operations under chapter 11 is in the best interest of the Debtors. Furthermore, failure to receive the requested relief during the first 21 days of these chapter 11 cases would disrupt the Debtors' operations and restructuring efforts. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

20. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Prepetition First Lien Lenders and their counsel; (c) the agent under the Prepetition First Lien Credit Agreement; (d) the Prepetition Second Lien Lenders and their counsel; (e) the agent under the Prepetition Second Lien Credit Agreement; (f) counsel for the ad hoc group of Senior Noteholders; (g) the indenture trustee for the Senior Notes; (h) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis), (i) counsel for any official committee of unsecured creditors that may be appointed, (j) the Internal Revenue Service, (k) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002,

and (l) the Securities and Exchange Commission. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## **CONCLUSION**

The Debtors respectfully request that this Court enter an order (i) directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases, and (ii) granting such other and further relief as this Court deems just and proper.

[*Remainder of Page Left Blank Intentionally*]

Dated:   June 2, 2016

Respectfully submitted,

ANDREWS KURTH LLP

By:   /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II
Texas Bar No. 24012503
Robin Russell
Texas Bar No. 17424001
David A. Zdunkewicz
Texas Bar No. 22253400
Joseph P. Rovira
Texas Bar No. 24066008
Ashley Gargour
Texas Bar No. 24065272
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285
taddavidson@andrewskurth.com
rrussell@andrewskurth.com
dzdunkewicz@andrewskurth.com
josephrovira@andrewskurth.com
ashleygargour@andrewskurth.com

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 2, 2016, the foregoing document was served by ECF on the parties registered to receive electronic notices.

By:   /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II