**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE SOUTHERN DISTRICT OF TEXAS  
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| WARREN RESOURCES, INC., *et al.*,[1] | § § § | Case No. 16-32760 (MI) |
| Debtors. | § § | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED CREDITORS AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
>
> **THERE WILL BE A HEARING ON THIS MOTION ON JUNE 3, 2016 AT 1:30 P.M. CENTRAL IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Warren Resources, Inc. (4080); (ii) Warren E&P, Inc. (4052); (iii) Warren Resources of California, Inc. (0072); (iv) Warren Marcellus, LLC (0150); (v) Warren Energy Services, LLC (4748); and (vi) Warren Management Corp. The Debtors' service address is: 11 Greenway Plaza, Suite 3050, Houston, Texas 77046.

Warren Resources, Inc., *et al*., debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), file this emergency motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to file a consolidated creditor matrix and list of thirty (30) largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor and (b) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; and respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief requested herein is sections 105(a), 107(b) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 6003 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4.     On June 2, 2016 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

5.     In support of this Motion, the Debtors rely on the *Declaration of James A. Watt, President, Chief Executive Officer and Chief Restructuring Officer of Warren Resources, Inc., et al., in Support of Chapter 11 Petitions and First Day Motions*, sworn to on June 2, 2016 (the

"First Day Declaration").[2]  A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion.  The Debtors hereby adopt and incorporate such description as if fully set forth herein.

6. The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), in connection with these chapter 11 cases: http://dm.epiq11.com/WRE.

7. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date of this Motion, the United States Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

## RELIEF REQUESTED

8. The Debtors request the Court (a) approve a consolidated creditor matrix and list of thirty (30) largest general unsecured creditors in lieu of a separate mailing matrices and creditor lists for each Debtor and (b) approve the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

3

### A. Consolidated Creditor Matrix

9. Pursuant to Bankruptcy Rule 1007, a debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1).

10. Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3] Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and of little incremental benefit. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "Creditor Matrix") for all of the Debtors. The Debtors propose to file the matrix on the main case docket instead of uploading a text file to avoid duplicate notice.

### B. Consolidated List of 30 Largest General Unsecured Creditors

11. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file

---

[3] *See General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[4]

### C. Service of the Notice of Commencement, Meeting of Creditors, and Bar Date for Proofs of Claim.

12. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

13. Through Epiq, the Debtors' proposed claims, noticing and balloting agent (the "Noticing and Claims Agent"), the Debtors propose to serve the Notice of Commencement, substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto (the "Notice of Commencement"), on all parties entitled to notice of commencement of the Cases to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.[5] Service of the single Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

---

[4] Pursuant to the *Debtors' Emergency Motion to Extend the Time to File Schedules, Statements of Financial Affairs, and Lists of Equity Holders* filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

[5] The Debtors have filed a *Motion for an Order (A) Fixing Claims Bar Date for the Filing of Proofs of Claim; (B) Fixing the Governmental Unit Bar Date for the Filing of Proofs of Claim by Governmental Units; (C) Approving the Form and Content of the Bar Date Notices; (D) Approving the Method and Manner of Disseminating the Bar Dates Notices and the Publication Notices; and (E) Granting Related Relief* contemporaneously herewith and will serve the Notice of Commencement with the notice of bar date if the motions are granted.

**EMERGENCY CONSIDERATION**

14.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion and in the First Day Declaration, the Debtors believe an immediate and orderly transition into operations under chapter 11 is in the best interest of the Debtors. Furthermore, failure to receive the requested relief during the first 21 days of these chapter 11 cases would disrupt the Debtors' operations and restructuring efforts. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**NOTICE**

15.     Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Prepetition First Lien Lenders and their counsel; (c) the agent under the Prepetition First Lien Credit Agreement; (d) the Prepetition Second Lien Lenders and their counsel; (e) the agent under the Prepetition Second Lien Credit Agreement; (f) counsel for the ad hoc group of Senior Noteholders; (g) the indenture trustee for the Senior Notes; (h) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis); (i) counsel for any official committee of unsecured creditors that may be appointed; (j) the Internal Revenue Service; (k) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002; and (l) the Securities and Exchange Commission. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in

not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## **CONCLUSION**

The Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file a consolidated creditor matrix and list of thirty (30) largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor; (b) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; and (c) granting such other and further relief as this Court deems is just and proper.

Dated:   June 2, 2016                         Respectfully submitted,

ANDREWS KURTH LLP

By:   /s/ Timothy A. ("Tad") Davidson II
      Timothy A. ("Tad") Davidson II
      Texas Bar No. 24012503
      Robin Russell
      Texas Bar No. 17424001
      David A. Zdunkewicz
      Texas Bar No. 22253400
      Joseph P. Rovira
      Texas Bar No. 24066008
      Ashley Gargour
      Texas Bar No. 24065272
      600 Travis, Suite 4200
      Houston, Texas 77002
      Telephone: (713) 220-4200
      Facsimile:  (713) 220-4285
      taddavidson@andrewskurth.com
      rrussell@andrewskurth.com
      dzdunkewicz@andrewskurth.com
      josephrovira@andrewskurth.com
      ashleygargour@andrewskurth.com

*Proposed Counsel for the
Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2016, the foregoing document was served by ECF on the parties registered to receive electronic notices.

By: /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II