

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
06/03/2016

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WARREN RESOURCES, INC., | § | Case No. 16-32760 (MI) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 11-3024080 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WARREN E&P, INC., | § | Case No. 16-32761 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 85-0224052 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WARREN RESOURCES OF CALIFORNIA, INC., | § | Case No. 16-32762 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 33-0980072 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WARREN MARCELLUS, LLC, | § | Case No. 16-32764 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 47-1370150 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WARREN ENERGY SERVICES, LLC, | § | Case No. 16-32765 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 34-2044748 | § | |

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| WARREN MANAGEMENT CORP., | § § | Case No. 16-32766 |
| Debtor. | § § § | |

## ORDER FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES
### [This Order Relates to the Motion at Docket No. ____]

Upon the *Emergency Motion for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases* (the "Motion")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order") directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon the *Declaration of James A. Watt, President, Chief Executive Officer and Chief Restructuring Officer of Warren Resources, Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"); and this Court having determined that it has jurisdiction over this matter, that this is a core proceeding, that venue of this proceeding and the Motion in this district is proper; and this Court having authority to enter a final order; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and this Court having found that the Debtors' notice of the Motion was proper and adequate under the circumstances and that no other notice is necessary; and upon the record herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.     The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-32760.

2.     Additionally, the following checked items are ordered:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

    a.   __X__  One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

    b.   __X__  Case Nos. 16-32760; 16-32761; 16-32762; 16-32764; 16-32765; and 16-32766 shall be transferred to Judge Marvin Isgur.

    c.   __X__  Parties may request joint hearings on matters pending in any of the jointly administered cases.

    d.   __X__  Other:  See below.

3.  The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| WARREN RESOURCES, INC., *et al.*,[1] | § § | Case No. 16-32760 |
| Debtors. | § § § | (Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Warren Resources, Inc. (4080); (ii) Warren E&P, Inc. (4052); (iii) Warren Resources of California, Inc. (0072); (iv) Warren Marcellus, LLC (0150); (v) Warren Energy Services, LLC (4748); and (vi) Warren Management Corp. The Debtors' service address is: 11 Greenway Plaza, Suite 3050, Houston, Texas 77046.

4.     The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.     A docket entry, substantially similar to the following, shall be entered on each of the Debtors' individual dockets to reflect the joint administration of these chapter 11 cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: (i) Warren Resources, Inc., Case No. 16-32760; (ii) Warren E&P, Inc., Case No. 16-32761; (iii) Warren Resources of California, Inc., Case No. 16-32762; (iv) Warren Marcellus, LLC, Case No. 16-32764; (v) Warren Energy Services, LLC, Case No. 16-32765; and (vi) Warren Management

3

Corp., Case No. 16-32766. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-32760.**

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep one consolidated docket sheet, one file, and one consolidated service list for these chapter 11 cases. Separate proofs of claim registers will be maintained.

7.      Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8.      If a creditors' committee is necessary, the United States Trustee shall appoint a single creditors' committee for these cases.

9.      Any plan proponent may file a single disclosure statement and plan of reorganization.

10.      Nothing contained in the Motion or this Order shall be deeming or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

11.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.      Notwithstanding any Rule of the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon its entry.

13.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

6-3-16

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

4