IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WARREN RESOURCES, INC., *et al.*,[1] | § | Case No. 16-32760 (MI) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**SUMMARY COVER SHEET OF FINAL APPLICATION OF JEFFERIES LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 2, 2016 TO AND INCLUDING OCTOBER 4, 2016**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 29, 2016, AT 10:00 A.M. CENTRAL TIME, IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE BANKRUPTCY COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE BANKRUPTCY COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Warren Resources, Inc. (4080); (ii) Warren E&P, Inc. (4052); (iii) Warren Resources of California, Inc. (0072); (iv) Warren Marcellus, LLC (0150); (v) Warren Energy Services, LLC (4748); and (vi) Warren Management Corp. The Reorganized Debtors' service address is: 11 Greenway Plaza, Suite 3050, Houston, Texas 77046.

| Name of applicant | Jefferies LLC |
|---|---|
| Applicant's professional role in case | Investment Banker for the Debtors |
| Indicate whether this is an interim or a final application | Final Fee Application |
| Effective date of order approving retention | June 2, 2016 |
| Time period covered in application | June 2, 2016 – October 4, 2016 |
| Time periods covered in all prior applications | N/A |
| Total amounts awarded in all prior applications | N/A |
| Time period covered by this final application | June 2, 2016 – October 4, 2016 |
| Amount of retainer received in case | $0.00 |
| Total fees requested in this application and all prior applications (including any retainer amounts applied or to be applied) | $4,371,093.00 |
| Total additional fees requested in this application (including any retainer amounts to be applied) | $4,371,093.00 |
| Total professional fees requested in this final application | $4,371,093.00 |
| Total professional hours covered by this final application | 1,469.5[1] |
| Average hourly rate for professionals | $2,974.54 |
| Reimbursable expenses sought in this application | $72,095.49[2] |
| Expected amount of dividend to be paid to unsecured creditors | The Debtors continue to undertake the claims resolution process pursuant to the Plan and do not currently have an estimate of the total amount to be paid to unsecured creditors under the Plan. |
| Expected percentage dividend to be paid to unsecured creditors | Approximately 3.35% |
| Expected amount to be paid to all pre-petition creditors | The Debtors continue to undertake the claims resolution process pursuant to the Plan and do not currently have an estimate of the total amount to be paid to all pre-petition creditors under the Plan. |

---

[1] The majority of Jefferies' work on the Debtors' restructuring occurred prepetition—not during the four-month post-petition period of these cases. Consistent with the market practices for investment bankers, Jefferies' professionals did not bill or keep time records on an hourly basis before the Petition Date. Nevertheless, Jefferies, estimates that its professionals spent more than 3,375 hours working on behalf of the Debtors since January 2016, when Jefferies began work in furtherance of a restructuring transaction, which ultimately resulted in the confirmation of the Debtors' Plan (as defined herein).

[2] This expense amount includes $1,000 in estimated legal expenses to be incurred after the filing of the Final Fee Application in connection with the hearing thereon.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WARREN RESOURCES, INC., *et al.*,[1] | § | Case No. 16-32760 (MI) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**FINAL APPLICATION OF JEFFERIES LLC FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT
BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE
PERIOD FROM JUNE 2, 2016 TO AND INCLUDING OCTOBER 4, 2016**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 29, 2016, AT 10:00 A.M. CENTRAL TIME, IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE BANKRUPTCY COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE BANKRUPTCY COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Warren Resources, Inc. (4080); (ii) Warren E&P, Inc. (4052); (iii) Warren Resources of California, Inc. (0072); (iv) Warren Marcellus, LLC (0150); (v) Warren Energy Services, LLC (4748); and (vi) Warren Management Corp. The Reorganized Debtors' service address is: 11 Greenway Plaza, Suite 3050, Houston, Texas 77046.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Jefferies LLC ("Jefferies"), the investment banker for Warren Resources, Inc. ("Warren Resources") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully submits this final application (this "Final Fee Application") for entry of an order, substantially in the form attached hereto as Exhibit E (the "Proposed Order") granting final approval and allowance of (i) compensation earned for professional services rendered on behalf of the Debtors during the period from June 2, 2016 to and including October 4, 2016 (the "Final Compensation Period") in the amount of $4,371,093.00 and (ii) reimbursement of actual and necessary expenses incurred by Jefferies on behalf of the Debtors during the Final Compensation Period in the amount of $72,095.49.  In support of this Final Fee Application, Jefferies states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. The statutory and legal bases for the relief requested herein are sections 327(a), 328(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On June 2, 2016 (the "Petition Date"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.

5. On June 17, 2016, the Debtors filed their *Application for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC As Investment Banker for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Nunc Pro Tunc to the Petition Date, (II) Waiving Certain Time-Keeping Requirements, and (III) Granting Related Relief* [Docket No. 106] (the "Retention Application"). By the Retention Application, the Debtors requested the Court's authorization to retain and employ Jefferies in accordance with the terms and conditions of that certain engagement letter dated February 19, 2016 between Jefferies and Warren Resources (the "Engagement Letter").[2] A copy of the Engagement Letter was attached to the Retention Application as Exhibit 1 to Exhibit A. On July 13, 2016, the Court entered the order approving the Retention Application under sections 327(a) and 328(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date [Docket No. 175] (the "Retention Order"). A copy of the Retention Application is attached hereto as Exhibit A and a copy of the Retention Order is attached hereto as Exhibit B.

6. On September 14, 2016, the Court entered the *Order Confirming Plan of Reorganization of Warren Resources, Inc. and Its Affiliated Debtors* [Docket No. 342] (the "Confirmation Order"). The effective date of the Debtors' Plan of Reorganization (the "Plan") occurred on October 5, 2016 [Docket No. 358] (the "Effective Date"). The Plan and the Confirmation Order require all professionals, including Jefferies, to file final requests for allowance of compensation earned and expenses incurred in these chapter 11 cases by no later than thirty (30) days after the Effective Date. Plan § 13.02; Confirmation Order ¶ 21.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

3

### TERMS OF JEFFERIES' RETENTION

7. The Retention Order approved the payment of certain fees to Jefferies, as set forth in detail in the Retention Application, the Engagement Letter and the Retention Order. Specifically, Jefferies' fees are as follows:[3]

- **Monthly Fee**. A monthly fee (the "Monthly Fee") equal to $125,000.00 payable on the 15th day of each month until the expiration or termination of the Engagement Letter.

- **Restructuring Fee**. Upon the consummation of a Restructuring, a fee (the "Restructuring Fee") equal to 95 basis points (0.95%) of the aggregate principal amount of all indebtedness subject to the Restructuring, less $750,000.00.

8. In addition to the compensation payable to Jefferies under the Engagement Letter and the Retention Order, the Engagement Letter provides that the Debtors shall reimburse Jefferies for reasonable and documented out-of-pocket expenses incurred in connection with its engagement by the Debtors, including, without limitation, any out-of-pocket legal expenses.

### SUMMARY OF SERVICES RENDERED

9. All services for which Jefferies requests compensation were performed on behalf of the Debtors. During the Final Compensation Period, Jefferies performed significant services on behalf of the Debtors, including but not limited to, the following:

- participating in negotiations on behalf of the Debtors with the Debtors' stakeholders to reach a consensual agreement regarding the terms of the Debtors' restructuring. Jefferies developed several analyses and attended numerous meetings, conference calls and other communications as part of these negotiations.

- assisting the Debtors in developing the Debtors' business plan by evaluating various operating scenarios and analyzing the Debtors' capital needs under each such scenario.

---

[3] The Engagement Letter also provides for certain fees, in addition to the Monthly Fees and Restructuring Fee, that are not applicable under the circumstances of these cases.

4

- assisting the Debtors in preparing their valuation analysis and liquidation analysis as part of the exhibits to their disclosure statement.

- maintaining frequent communications and participating in meetings with the Debtors' Board of Directors and preparing materials in connection with such meetings.

- providing the Debtors and their advisors with up-to-date market insights on the oil and gas industry as it evolved through the pendency of the cases.

- participating in meetings and conference calls with various advisors and principals of the Debtors' creditors in connection with such parties' diligence.

- reviewing the short-term cash flows prepared by the Debtors' other advisors for purposes of the Debtors' DIP financing and answering diligence questions from other creditors regarding the Debtors' budget.

- preparing marketing materials as part of the marketing process for the Debtors' DIP financing, contacting several third parties as part of the marketing process, and answering questions related to the Debtors' assets, operations and the restructuring process.

- supporting the Debtors' legal counsel, as requested, with respect to court filings and other activities including preparing various declarations and other testimony.

10. Although Jefferies, in line with market convention, does not bill by the hour, Jefferies kept track of its post-petition time during the Final Compensation Period in one-half hour increments in accordance with the Retention Order. Such time records are attached hereto as Exhibit C. Given that these cases resulted in a consensual restructuring transaction, the majority of Jefferies' work relating to the transactions contemplated by the Plan occurred before the Petition Date (and not during the four-month post-petition life of these cases). As noted in the Retention Application, Jefferies has been employed by the Debtors on various matters since mid-2014.[4] During the prepetition period, among other things, Jefferies advised the Debtors in

---

[4] The Engagement Letter amended and restated a prior engagement letter dated January 4, 2016. Additionally, Jefferies was previously engaged by the Debtors pursuant to an engagement letter signed in mid-2014 in connection with efforts to restructure the Debtors' 9.000% Senior Notes. Jefferies was also previously engaged by the Debtors in connection with certain acquisition and financing matters pursuant to a July 24, 2014 engagement letter.

connection with, and was active in the negotiation of, that certain Restructuring Support Agreement, which outlined the terms of the restructuring that were ultimately effectuated through the Plan. In addition to the 1,469.5 hours expended on behalf of the Debtors during the pendency of these cases (*i.e.*, the Final Compensation Period), Jefferies estimates that its professionals spent more than 3,375 hours since January 2016 working on the transactions contemplated and ultimately consummated pursuant to the Plan.

## **RELIEF REQUESTED**

11.     By this Final Fee Application, Jefferies requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit E, (a) granting final approval and allowance of (i) compensation for professional services rendered by Jefferies as investment banker for the Debtors during the Final Compensation Period in the aggregate amount of $4,371,093.00 and (ii) reimbursement of expenses incurred by Jefferies connection with such services in the aggregate amount of $72,095.49 and (b) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Jefferies on account of Jefferies' fees and expenses.

12.     The compensation requested herein is comprised of $500,000.00 in Monthly Fees (one Monthly Fee in the amount of $125,000.00 for each of June, July, August and September 2016) and a $3,871,093.00 Restructuring Fee. The Restructuring Fee is equal to 0.95% of the $486,430,889 in aggregate principal amount of prepetition indebtedness subject to the Restructuring ($4,621,093), less $750,000.[5]  The fees charged by Jefferies during the Final Compensation Period have been billed in accordance with the Retention Application, the Engagement Letter and the Retention Order and are comparable to the fees charged by Jefferies for professional services rendered in similar bankruptcy and non-bankruptcy related matters.

---

[5] In connection with Jefferies' retention, Jefferies agreed to reduce the amount of the Restructuring Fee by $750,000.

6

Jefferies submits that such fees are reasonable based upon the customary compensation charged by similarly skilled investment bankers in comparable bankruptcy cases and non-bankruptcy transactions.

13.     There is no agreement or understanding between Jefferies and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered on behalf of the Debtors.

## ACTUAL AND NECESSARY EXPENSES OF JEFFERIES

14.     In addition to the compensation earned by Jefferies during the Final Compensation Period, Jefferies also incurred certain necessary expenses during the Final Compensation Period for which it is entitled to reimbursement under the Engagement Letter. Jefferies' total expenses for the Final Compensation Period are $72,095.49.  Detailed descriptions of the expenses incurred during the Final Compensation Period are set forth in greater detail on the attached Exhibit D.

## BASIS FOR RELIEF

15.     Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. See 11 U.S.C. § 328(a).  Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. See In re Nat'l Gypsum Co., 123 F.3d 861, 862-63 (5th Cir. 1997).  Section 328(a) explicitly contemplates court approval of contingent fees. See 11 U.S.C. § 328(a) ("The trustee . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on a fixed or percentage fee basis, or on a contingent fee basis.").

16.     If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of Section 328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 261 (3d Cir. 1995).

17.     Under the section 328(a) standard, a bankruptcy court wishing to render a previously approved fee arrangement "improvident" must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. Daniels v. Barron (In re Barron), 225 F.3d 583, 585 (5th Cir. 2000).

18.     Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

19.     Jefferies' fees, including the Monthly Fees and the Restructuring Fee, were earned under the plain and unambiguous terms of the Engagement Letter, and modified by the Retention Order. Accordingly, Jefferies submits that the fees and expenses requested herein are consistent with the terms approved by the Retention Order and should be awarded on a final basis. There have been no circumstances in these cases which would give cause to question to engagement terms approved under section 328(a). To the contrary, Jefferies was instrumental in obtaining a global resolution of these cases that allowed the Debtors' to move through

bankruptcy efficiently and resulted in a recovery to unsecured creditors to which such creditors were not otherwise entitled based on the value of the Debtors.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, Jefferies requests entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit E</u>, (a) granting final approval and allowance of (i) compensation for professional services rendered by Jefferies as investment banker for the Debtors during the Final Compensation Period in the aggregate amount of $4,371,093.00 and (ii) reimbursement of expenses incurred by Jefferies connection with such services in the aggregate amount of $72,095.49 and (b) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Jefferies on account of Jefferies' fees and expenses.

Dated:  November 4, 2016                    JEFFERIES LLC

*/s/ Richard Morgner*
Richard Morgner
Jefferies LLC
520 Madison Avenue, 7th Floor
New York, New York  10022